| | |
|---|---|
| KEVIN R. STRATTON, | Civil Action No. 6:07-00013 |
| Plaintiff, | |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | REPORT AND RECOMMENDATION |
| Defendant. | By: Hon. Michael F. Urbanski United States Magistrate Judge |

Plaintiff Kevin R. Stratton ("Stratton") brought this action pursuant to 42 U.S.C. § 1383(c)(3), incorporating 42 U.S.C. § 405(g), for review of the Commissioner of Social Security's ("Commissioner") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). By order dated November 20, 2007, this case was referred to the undersigned for Report and Recommendation, and is before the Court on the defendant's motion to dismiss.

The undersigned finds that the Court lacks jurisdiction to hear this case because Stratton failed to timely request judicial review. Furthermore, Stratton did not submit counter-affidavits or other relevant evidence contradicting, explaining or avoiding the defendant's evidence within fifteen days of receipt of notice filed on November 21, 2007. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Accordingly, the undersigned recommends that the defendant's motion to dismiss should be granted.

## I.

Stratton filed an application for DIB and SSI on March 20, 2002. (Administrative Record [hereinafter R.] at 20, 398-400) Stratton's application was denied at the initial level of administrative review on March 21, 2003. (R.. 40-42) Stratton's request for reconsideration was denied on October 14, 2003. (R. 45-47) On December 10, 2003, Stratton filed a timely request for a hearing before an Administrative Law Judge. (R. 48) After considering all of the evidence of record, the ALJ issued a decision denying Stratton's applications for DIB and SSI on July 21, 2006. (R. 20-23)

Stratton requested review of the ALJ's decision by the Appeals Council on September 9, 2006. (R. 17) On November 3, 2006, the Appeals Council denied Stratton's request for review. (R. 12-14) The Appeals Council mailed its denial notice to Stratton at his home address on November 3, 2006. (R. 12). This denial notice informed Stratton of his right to commence a civil action within sixty days from the date of receipt of the notice. (R. 13)

On January 17, 2007, Stratton requested a thirty-day extension of time to file his Complaint. (R. 11) On February 5, 2007, the Appeals Council granted Stratton's extension of time. (R. 9). The Appeals Council indicated that it would presume that Stratton received a copy of the letter within five days of the date of the letter. (R. 9) Therefore, including the five additional days for mailing, Stratton needed to commence a civil action on or before March 12, 2007. Stratton filed his complaint on May 25, 2007, seventy-four days after the time for instituting a civil action expired. After his January 17, 2007 request, Stratton did not make a subsequent request for additional time to file his complaint.

## II.

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). Congress prescribed the procedures and conditions for judicial review of final decision made by the Commissioner of Social Security on claims under Title II or Title XVI of the Social Security Act in 42 U.S.C. § 405(g), which states:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

The Commissioner may toll the sixty day period of limitations specified in 42 U.S.C. § 405(g) in the consideration of equity. See Bowen v. City of New York, 476 U.S. 467, 481 (1986).

Stratton has provided no explanation for his untimely filing and offered no circumstances to the Court that would justify tolling the sixty day requirement. Therefore, the undersigned finds that the Court lacks jurisdiction to hear this case because Stratton failed to timely request judicial review. Furthermore, Stratton did not submit counter-affidavits or other relevant evidence contradicting, explaining or avoiding the defendant's evidence within fifteen days of receipt of his Roseboro notice. The undersigned recommends that the defendant's motion to dismiss be granted.

The Clerk is directed to immediately transmit the record in this case to the Hon. Norman K. Moon, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they

3

are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)© as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

Enter this 15th day of January, 2008.

Michael F. Urbanski
United States Magistrate Judge